RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/1/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ROBERT MACK | CIVIL ACTION NO. 11-0735 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Petition for Writ of *Habeas Corpus* filed by Petitioner Robert Mack, pursuant to 28 U.S.C. § 2254. On January 30, 2012, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 16] in which she recommended that the Court dismiss Mack's Petition. On February 13, 2012, Mack filed objections to the Report and Recommendation [Doc. No. 17].

Having fully considered the Report and Recommendation and the record in this matter, including Mack's objections, the Court finds that the Magistrate Judge correctly stated the law and analyzed Mack's claims. Therefore, the Court ADOPTS her Report and Recommendation.

The Court issues this Ruling for the sole purpose of clarifying the law in this Circuit for addressing a defendant's *Batson* claim. Under *Batson v. Kentucky*, 476 U.S. 79 (1986), as Magistrate Judge Hayes correctly recounts, "a defendant[1] can establish an equal protection violation based on the government's use of peremptory challenges to remove African American venire[persons] from the jury in his case." [Doc. No. 16 (citing *Batson*, 476 U.S. at 96)].

---

[1] The case law is clear that either party may raise a *Batson* objection, but the more typical scenario is when a defendant raises the objection to a prosecutor's exclusion of jurors on the basis of an improper consideration.

Applying the three-step inquiry for reviewing a *Batson* challenge, a defendant must first establish a *prima facie* case. As Magistrate Judge Hayes also correctly recounts, a defendant must show that

> (1) the prosecutor's challenge was directed at a member of a cognizable group; (2) the challenge was peremptory rather than for cause; and (3) relevant circumstances sufficient to raise an inference that the prosecutor struck the venireperson on account of his being a member of that cognizable group.

[Doc. No. 16, p. 13 (citing *Batson*, 476 U.S. at 96)].

However, at the first step of a *Batson* inquiry, the defendant is also "entitled to rely on the fact 'that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate.'" *Price v. Cain*, 560 F.3d 28 (5th Cir. 2009) (quoting *Batson*, 476 U.S. at 96) (other internal quotation marks and citation omitted)). The United States Court of Appeals for the Fifth Circuit has explained that "*Batson* intended for a prima facie case to be simple and without frills. . . . To make a prima facie case, [the defendant] need only show that the facts and circumstances of his case gave rise to an inference that the State exercised peremptory challenges on the basis of race. This was a light burden." *Id.* at 287.

Nevertheless, the Court agrees with Magistrate Judge Hayes that, in this case, Mack has failed to establish that his appellate counsel was defective for failing to raise this claim. The mere fact that the State exercised two of its twelve peremptory challenges against African American jurors, without more, is insufficient to give rise to an inference that the State was exercising its peremptory challenges on the basis of race.

Accordingly, for the reasons set forth in the Report and Recommendation of the Magistrate Judge, as well as the reasons set forth in this Ruling, Mack's Petition is DENIED, and

his claims are DISMISSED WITH PREJUDICE.

    MONROE, LOUISIANA this 1 day of March, 2012.

                                                   ROBERT G. JAMES
                                       UNITED STATES DISTRICT JUDGE