UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT MACK** | **CIVIL ACTION NO. 11-0735** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN, LOUISIANA STATE PENITENTIARY** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On May 16, 2011, Petitioner Robert Mack ("Mack") filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254.  In his Petition, Mack raised several ineffective assistance of counsel claims against his trial and his appellate counsel.

On January 30, 2012, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 16] in which she recommended that the Court dismiss Mack's Petition.  On February 13, 2012, Mack filed objections to the Report and Recommendation [Doc. No. 17].  On March 1, 2012, the Court issued a Ruling [Doc. No. 18] and Judgment [Doc. No. 19], adopting the Magistrate Judge's Report and Recommendation, but clarifying the law under *Batson v. Kentucky*, 476 U.S. 79 (1986).  The same day, March 1, 2012, the Court denied a certificate of appealibility, finding that Mack failed to make a substantial showing of the denial of a constitutional right. [Doc. No. 20].

On or about March 28, 2012, Mack placed in the prison mailing system a letter motion [Doc. No. 21].  In that motion, received by the Clerk of Court on April 3, 2012, Mack argues that the Court should give him "reconsideration on the reason[] set forth in the Report and

Recommendation of the Magistrate Judge." *Id.* Mack later states that he is requesting reconsideration on "[a]ll enclosed matters" and attaches a copy of the Court's March 1, 2012 Judgment. *Id.* Thus, the Court construes Mack's letter motion as a motion for reconsideration of its March 1, 2012 Judgment.

Also on or about March 28, 2012, Mack placed in the prison mailing system a second letter motion [Doc. No. 22]. In that second motion, also received by the Clerk of Court on April 3, 2012, Mack moves the Court to reconsider giving him "the opportunity to establish [his] Certificate of Appealability to substantial showing of the denial of a constitutional right." Thus, the Court construes Mack's second letter motion as a motion for reconsideration of the Court's March 1, 2012 denial of the certificate of appealability.

 In response, the State of Louisiana filed a memorandum addressing Mack's motion for reconsideration of the denial of the certificate of appealability "based upon (1) Respondent's original answer and memorandum of law in Respondent's opposition to Petitioner's writ of habeas corpus, (2) the report and recommendation of the U.S. Magistrate Judge, and (3) the ruling of the Honorable Robert G. James, United States District Judge." [Doc. No. 24]. The State of Louisiana did not file a response to Mack's motion for relief from judgment.

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such a motion filed within twenty-eight days of the entry of the order or judgment being challenged is treated as a 59(e) motion; if the

motion is filed after twenty-eight days,[1] it is treated as a 60(b) motion. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Since Mack's motions were mailed on March 28, 2012,[2] within 28 days of the date the judgment and order were entered, the motions are treated as arising under Rule 59(e).[3]

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The United States Court of Appeals for the Fifth Circuit has held that such a motion is not the proper place for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. Rule 59(e) serves the purpose of "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). The Fifth Circuit has recognized that, while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. 910 F.2d at 174. Rather there are two judicial imperatives relating to such a motion: (1) the need to bring litigation to an end; and (2) the need to render just decisions on the

---

[1] On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. FED. R. CIV. P. 59(e).

[2] Under the prison mailbox rule, a motion is deemed to have been filed on the date it was submitted to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270–76 (1988).

[3] Although a Rule 59(e) motion may be construed as a second and successive habeas petition, where, as here, Mack merely asks for reconsideration, the Court properly considers the motion under Rule 59(e).

basis of all the facts. *Id.*

In this case, however, Mack has not presented any manifest errors of law or fact or presented newly discovered evidence. Instead, Mack seeks only to call into question the correctness of the Court's Judgment and its denial of the COA. The Court finds that this is not a proper basis to alter or amend its March 1, 2012 Judgment and COA order.

Even if Mack had asserted some minimal basis for reconsideration, the Court finds that its March 1, 2012 Judgment and COA order should stand. The Court has reviewed the Report and Recommendation, which was adopted by the Court, and the record in this matter and again finds the Report and Recommendation to be correct. With regard to the Court's order denying a COA, Mack states only that "Pro-se litigant pleadings are to be construed liberally and held to less stringent standards than Formal pleadings by lawyers" ; therefore, "if the Court can reasonably read pleadings to state valid claims . . . it should do so, despite Failure of litigant to cite proper legal authority." [Doc. No. 22 (internal quotation marks omitted)]. The Court agrees with and applies this statement of the law in each and every *pro se* case; however, the Court again finds that Mack has failed to make a substantial showing of the denial of a constitutional right.

Accordingly,

IT IS ORDERED that Mack's motion for reconsideration of the Court's March 1, 2012 Judgment [Doc. No. 21] and his motion for reconsideration of the Court's order denying a COA [Doc. No. 22] are DENIED.

If Mack wishes to appeal the Court's denial of these Rule 59(e) motions, he will need to obtain a COA. The Court finds that Mack has not made a substantial showing of the denial of a

constitutional right with regard to these two new motions. Therefore, a COA will be denied separately. If Mack files a notice of appeal from this order, he can request a COA from the Fifth Circuit.

    MONROE, LOUISIANA, this 7th day of May, 2012.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE